Johnson, J.
delivered the opinion of the Courl.
*392 We concur iu Opinion with the presiding Judge. The rule of Court, authorizing the parties to a summary process to examine each other on interrogatories, was intended to assimilate those cases to the practice in Chancery. Iu that jurisdiction the rule is very clear, that if a defendant charge himself in his answer, he must discharge himself by proof. Ridgeway v. Darwin, 7 Ves. 404. Pastwick v. Powlet, 2 Atk. 383. Awdley v. Awdley, 2 Vern. 194.
The defendant admits in his answer that he bought goods of plaintiff to the amount of twenty dollars and thirty-four cents, for which he had been indebted to him; and he claims to be discharged upon his own answer, that he had afterwards paid that debt. This is not enough: He was bound to prove it. If he had answered, that he paid for the goods at the time he bought them, that would have availed ; for that would have negatived the existence of the debt. M'Caw v. Blewit, 2 M‘C. Ch. 102, cited by the counsel for the motion, does not touch this question. The defendant there was called on to answer, as to how much he had been advanced by his father-in-law D. in his life-time. He answered that he had been advanced twenty-five hundred dollars, for which he had given his note to D : and it was held, that the answer was conclusive unless the plaintiff could shew, that he had been advanced in other sums not included m that note.
Motion refused.